Filed: 7/20/2017 5:34 PM
Lynne Finley
District Clerk
Collin County, Texas
By Rosanne Munoz Deputy
Envelope ID: 18325788

429-03353-2017

CAUSE NO. _____

| | | |
|---|---|---|
| W.G.M., | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| | § | |
| SAHAR SARID, | § | |
| JULKISUUDESSA LLC, | § | |
| MUGSHOTS.COM, LLC, | § | |
| UNPUBLISH, LLC (FLORIDA), | § | |
| UNPUBLISH, LLC (WYOMING), | § | |
| MARC GARY EPSTEIN, | § | |
| HAMMERMILL & MASTERSON, | § | |
| LLC (WYOMING), HAMMERMILL | § | |
| & MASTERSON, LLC (FLORIDA), | § | |
| THOMAS KEESEE, AND | § | |
| UNPUBLISHING SERVICES, LLC, | § | |
| | § | |
| **Defendants.** | § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff W.G.M. ("Plaintiff") complains of Defendants Sahar Sarid, Julkisuudessa LLC, mugshots.com, LLC, Unpublish, LLC (Florida), Unpublish, LLC (Wyoming), Hammermill & Masterson, LLC (Wyoming), Hammermill & Masterson, LLC (Florida), Thomas Keesee, Marc Gary Epstein, and Unpublishing Services, LLC (collectively, "Defendants"), and would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery according to Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.



EXHIBIT
A-2

## II.  **PARTIES**

2.      Plaintiff W.G.M. is an adult who resides in Collin County, Texas. Because this lawsuit relates to an arrest and prosecution that have been expunged, his full name has been withheld for privacy purposes.

3.      Defendant Sahar Sarid ("Sarid") is a natural person and resident of Broward County, Florida.  Sarid founded and controls the websites www.mugshots.com ("mugshots.com") and www.unpublisharrest.com ("unpublisharrest.com"), as well as the corporate defendants listed below. The website mugshots.com publicly publishes information related to arrests and criminal history, as well as mugshots taken following an arrest ("arrest information"). Sarid may be served with process at 3213 Dover Rd., Pompano Beach, FL 33062.

4.      Mugshots.com lists Defendant Julkisuudessa LLC ("Julkisuudessa"), a foreign limited liability company, as the owner and operator of the website. Julkisuudessa's principal place of business is located in Nevis, West Indies. Plaintiff intends to amend this petition in order to provide service information for this Defendant.

5.      Defendant mugshots.com, LLC ("mugshots.com, LLC") is an inactive Delaware corporation.  Sarid organized mugshots.com, LLC to operate the mugshots.com website. Mugshots.com LLC may be served with process by serving its registered agent, Harvard Business Services, Inc., at its registered office at 16192 Coastal Highway, Lewes, Delaware 19958.

6.      Defendant Unpublish, LLC (Florida), is a Florida limited liability company. Defendant Unpublish, LLC (Florida) does business under the names Unpublisharrest.com, mugshots.com, LLC, and Unpublishingpartners.com. Unpublish, LLC (Florida) may be served

with process by serving its registered agent, Northwest Registered Agent LLC, at its registered office at 3030 N. Rocky Point Drive, Tampa, FL 33607.

7.     Defendant Unpublish, LLC (Wyoming), is a Wyoming limited liability company. Defendant Unpublish, LLC (Wyoming) does business under the names Unpublisharrest.com, mugshots.com, LLC, and Unpublishingpartners.com. Plaintiff intends to amend this petition in order to provide service information for this Defendant.

8.     Defendant Unpublish, LLC (Florida) and Defendant Unpublish, LLC (Wyoming) are referred to collectively herein as the "Unpublish Defendants." The Unpublish Defendants purported to be licensees for unpublication or takedown services for persons seeking to have their arrest information removed from mugshots.com. Sarid owns, operates, manages, and controls the Unpublish Defendants.

9.     Defendant Marc Gary Epstein ("Epstein") is a resident of Broward County, Florida. Epstein is an attorney and one of the owners of mugshots.com. Epstein is also the sole member or manager of the Unpublish Defendants. Epstein may be served with process at 1895 NE 214th Ter., Miami, FL 33179.

10.     Defendant Hammermill & Masterson, LLC (Wyoming), is an inactive Wyoming limited liability company. Plaintiff intends to amend this petition in order to provide service information for this Defendant.

11.     Defendant Hammermill & Masterson, LLC (Florida), is an inactive Florida limited liability company. It may be served with process by serving its registered agent, Registered Agents, Inc., at its registered office located at 3030 N. Rocky Point Drive, Suite 150A, Tampa, Florida 33607.

12.     Defendant Hammermill & Masterson, LLC (Wyoming) and Hammermill & Masterson, LLC (Florida) are referred to collectively herein as the "Hammermill Defendants." The Hammermill Defendants owned or controlled the Unpublish Defendants.

13.     Thomas Keesee ("Keesee") is a resident of the State of Florida. Keesee is the sole member and manager of the Hammermill Defendants. Keesee may be served at 9970 Via Bernini, Lake Worth, FL 33467.

14.     Unpublishing Services, LLC is an inactive Florida limited liability company. It may be served through its registered agent, Northwest Registered Agent LLC, at its registered office at 3030 N. Rocky Point Dr. W., Tampa, FL 33607.

### III.     VENUE AND JURISDICTION

15.     The Court has subject matter jurisdiction over this action because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

16.     Venue is proper in Collin County because Plaintiff resides in Collin County, and all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County. Tex. Civ. Prac. & Rem. C. § 15.002; Tex. Bus. C. § 109.007.

17.     Pursuant to Rule 47(c), Plaintiff seeks monetary relief within the jurisdictional limits of the Court, in an amount of $100,000 or less, subject to Plaintiff's right to replead after conducting discovery.

### IV.     FACTUAL BACKGROUND

18.     In July 2014, Plaintiff was arrested and charged with a drug offense.

19.     Plaintiff petitioned to have his criminal record expunged pursuant to Texas Code of Criminal Procedure Section 55.02. In December 2016, Plaintiff obtained an Order of Expunction providing that all of the records relating to his arrest and prosecution be destroyed.

PLAINTIFF'S ORIGINAL PETITION – Page 4

20.     The website mugshots.com publicly publishes information related to arrests and criminal history, as well as mugshots taken following an arrest ("arrest information"). Plaintiff's arrest information appears on mugshots.com.

21.     On or around January 16, 2017, Plaintiff submitted an opt-out request to Defendants through the website mugshots.com, in which he asked Defendants to remove his arrest information from the website because his record had been expunged.

22.     Plaintiff received a confirmation email from "Mugshot Opt Out," stating it had received Plaintiff's opt-out request and asking Plaintiff to reply to the email to confirm his request. Plaintiff replied, confirming his request.

23.     Also on or around January 16, 2017, W.G.M. called the 1-800 number listed on mugshots.com. The same 1-800 number appears on unpublisharrest.com.

24.     The 1-800 number connected W.G.M. to a man who identified himself as "Derrick." After W.G.M. explained that mugshots.com was publishing information for a criminal history that had been expunged, Derrick said that if W.G.M. paid $299 and submitted proof of the expunction, his arrest information would be removed from mugshots.com.

25.     W.G.M. did not initially agree to pay for his information to be removed and ended the phone call. However, frustrated, distressed, and desperate to have his arrest information removed from mugshots.com because it could interfere with W.G.M.'s attempts to gain employment in the future, W.G.M. called back and provided Derrick a credit card number over the telephone and was charged $299 in order to have the information removed.

26.     Derrick then instructed W.G.M. to email proof of his expunction to docverify1@gmail.com so mugshots.com and/or unpublisharrest.com could verify the

expunction. Derrick informed W.G.M. that it would take several days to verify W.G.M.'s expunction and remove his arrest information.

27.     As instructed, Plaintiff submitted a letter to docverify1@gmail.com, requesting that his arrest information be removed from mugshots.com because of the expunction. W.G.M. enclosed the Order of Expunction.

28.     Defendants still did not remove W.G.M.'s arrest information from mugshots.com.

29.     Despite Plaintiff's submission of the Order of Expunction, opt-out request, and payment of $299 to remove his arrest information, Defendants continue to publish Plaintiff's arrest information on mugshots.com.

30.     The continued presence and publication of Plaintiff's arrest information on mugshots.com following W.G.M.'s multiple requests to have such information removed have damaged Plaintiff. An internet search for Plaintiff's name results in his mug shot appearing at the top of the search, despite the expunction of the arrest, and his compliance with mugshots.com's offer to remove the information for a payment of $299. This continued publication has distressed, frustrated and embarrassed W.G.M.

31.     All conditions precedent to the bringing of this lawsuit have been satisfied.

### V.     CLAIMS FOR RELIEF

### VIOLATION OF TEXAS BUSINESS & COMMERCE CODE § 109.005

32.     Plaintiff reasserts and realleges each and every allegation in the preceding paragraphs.

33.     Defendants operate a business entity that publishes criminal record information and requires a fee of over $150 to remove criminal record information, which subjects Defendants to Chapter 109 of the Texas Business & Commerce Code.

34.     On January 16, 2017, Plaintiff provided Defendants with the Order of Expunction, thereby providing Defendants notice of the expunction as required by Texas Business & Commerce Code Section 109.005(a)(1).

35.     Despite receiving proper notice of the expunction, Defendants have continued to publish and maintain Plaintiff's mugshot and arrest information in violation of Texas Business & Commerce Code Section 109.005.

36.     Plaintiff has been damaged by Defendants continuing to publish and maintain his arrest information on mugshots.com, and Defendants are liable to Plaintiff under Texas Business & Commerce Code Section 109.005(b) for $500 for their violation of publication following the January 16, 2017 notice, as well as $500 per each subsequent day following Defendants' receipt of the notice, for a total amount of $92,500, as of the date of the filing of this Petition. Plaintiff continues to be damaged by Defendants continuing to publish his arrest information, thus his damages continue to increase by $500 each day Defendants' website continues wrongfully publishing that information. Plaintiff hereby sues for his statutory damages provided in Texas Business & Commerce Code Section 109.005(b), and a permanent injunction enjoining Defendants from publishing any arrest information regarding Plaintiff's expunged criminal case.

VI.     **DEMAND FOR ATTORNEYS' FEES AND COSTS OF COURT**

37.     Plaintiff is entitled to recover reasonable and necessary attorneys' fees under Texas Business & Commerce Code Section 109.005(d).

## VII.  PRAYER

Plaintiff prays that Defendants be cited to appear and answer, and that upon final trial the Court award judgment in favor of Plaintiff and against the Defendants as follows:

a.      award Plaintiff all of his actual and statutory damages, including the damages provided in Texas Business & Commerce Code Section 109.005(b);

b.      award Plaintiff a permanent injunction enjoining Defendants from publishing any arrest information regarding Plaintiff's expunged criminal case;

c.      award Plaintiff his reasonable and necessary attorneys' fees;

d.      award Plaintiff exemplary/punitive damages against the Defendants;

e.      award Plaintiff all costs and expenses he incurs in this lawsuit;

f.      award Plaintiff pre- and post-judgment interest at the maximum rate allowed by law; and

g.      award Plaintiff any and all such other and further relief, at law or in equity, to which the Court finds Plaintiff justly entitled.

Respectfully submitted,

**HALLETT & PERRIN, P.C.**

_/s/ Leland C. de la Garza_
Leland C. de la Garza
State Bar No. 05646600
ldelagarza@hallettperrin.com
1445 Ross Avenue
Suite 2400
Dallas, Texas 75202
Direct Phone: 214-922-4164
Fax: 214-922-4142

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL PETITION – Page 8